**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 95-40111**
**Summary Calendar**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**ROY DIXON; LEONARD WILLIAMS,**

**Defendant-Appellant.**

---

Appeal from the United States District Court
For the Southern District of Texas
USDC No. G-94-CR-9

---

September 5, 1996

Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Roy Dixon and Leonard Williams appeal from their jury convictions and sentences for conspiracy to commit wire fraud, mail fraud, and money laundering, as well as for the underlying substantive offenses of mail and wire fraud. We have reviewed each issue that they have raised.

---

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

The district court did not err in calculating their offense levels by referring to the money-laundering guideline, U.S.S.G. § 2S1.1, because of the related offenses of conviction, it carried the highest offense level. See § 3D1.3(a). Dixon has not shown that the district court abused its discretion by departing upward in imposing his sentence given the court's finding that there existed aggravating circumstances not adequately taking into account by the Sentencing Commission. See § 5K2.0, p.s. Because Williams did not appeal the magistrate judge's pretrial discovery ruling to the district court, this court is without jurisdiction to consider the issue in this appeal. See **Colburn v. Bunge Towing, Inc.**, 883 F.2d 372, 379 (5th Cir. 1989). Nor has Williams established an "actual injury" as is required to support his inadequate-access-to-the-courts assertion. See **Lewis v. Casey**, 116 S. Ct. 2174 (1996). The evidence was more than sufficient to convict Williams, as it is not this Court's duty to second-guess the credibility of witnesses such as Ronnie Raggs. Finally, because Williams had shown no error, his cumulative-error contention is meritless. See **Derden v. McNeel**, 987 F.2d 1453, 1458 (5th Cir. 1992) (en banc), cert. denied, 508 U.S. 960 (1993).

**AFFIRMED**.